WILLIAM A. SMITH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 90703. Promulgated August 11, 1938.

*Edward J. Brunenkant, Esq.*, for the petitioner.
*Elmer L. Corbin, Esq.*, for the respondent.

### OPINION.

LEECH: The sole question for consideration is whether the transaction, upon which the disputed tax arises, was a sale of stock to the corporation or a distribution in partial liquidation by the corporation to the petitioner. If it was a sale, only 40 percent of the

gain therefrom is taxable to petitioner under the provisions of section 117 of the Revenue Act of 1934. If it constituted a distribution by the company in partial liquidation, the entire gain is taxable to the petitioner under the provisions of section 115 (c) of the same revenue act.

Obviously, the transaction purported to be a sale. It was so designated by resolution of the corporation. Petitioner testified it was a sale. Apparently, all the elements of a sale were present. Thus, unless it actually constituted a distribution in partial liquidation, the transaction must have been a sale and the gain therefrom so taxable.

In *W. E. Guild*, 19 B. T. A. 1186, at page 1204, the Board states:

* * * Liquidation is not a technical status which can be assumed or discarded at will by a corporation by the adoption of a resolution by its stockholders, but an existing condition brought about by affirmative action, the normal and necessary result of which is the winding up of the corporate business.

Section 115 (i) of the Revenue Act of 1934 defines the term "partial liquidation" as a "distribution by a corporation in complete cancellation or redemption of a part of its stock, or one of a series of distributions in complete cancellation or redemption of all or a portion of its stock."

Partial liquidation is merely liquidation less than complete. Whether the transaction in question constituted a distribution in partial liquidation is entirely factual. *Gossett* v. *Commissioner*, 59 Fed. (2d) 365; *W. F. Kennemer*, 35 B. T. A. 415; affd., 96 Fed. (2d) 177.

In *Northern Trust Co., Trustee*, 20 B. T. A. 866, the Board considered a somewhat similar question which arose on very different facts. There, pursuant to resolution authorizing the president to purchase, for the corporation, shares of outstanding capital stock for a price not exceeding that designated, the president acquired all the stock of four of the five stockholders and a part of the stock held by its president, within two weeks after which, by proper resolution, the authorized capital stock of the company was decreased from 7,500 to 300 shares, consisting of that held by its president, and the remaining 7,200 shares were then retired and canceled. In its return for 1922, it was stated that the corporation was "now in process of liquidation." In its return for 1924 it was stated that "This corporation was not engaged in business during the preceding year."

The Board decided, on those facts, that the acquisition of this stock from the stockholders constituted a distribution by the corporation in partial liquidation. In that case four of the five stockholders of the corporation sold all of their stock to it and one retained only sufficient of his to represent the assets retained by the corporation.

The stock thus acquired by the corporation was, by resolution, canceled. The outstanding capital stock was, by proper action, correspondingly reduced. The company was thus partially liquidated. It did not continue business but proceeded to wind up its affairs and so stated in its income tax return to the Government. The evidence, thus, clearly established that the intention of the corporation was not to purchase its stock but to liquidate it. That was what it did.

The evidence discloses the opposite situation here. The record convincingly supports the correctness of the designation of the transaction by the parties. The petitioner owned only 45 shares of the 1,000 outstanding shares of stock. That stock has never been canceled but has always been carried by the corporation as treasury stock since its acquisition. The two blocks of 20 shares, each, acquired from stockholders in 1936, were not canceled and were similarly carried as treasury stock, 20 shares of which were subsequently reissued. The dissimilarity of the consideration received by the petitioner and those who transferred their stock to the corporation in 1936 is not persuasive of anything here. The corporation has never reduced its outstanding capital stock. Its capital structure has never been changed. It has not, in fact, liquidated to any extent. Although in no sense controlling, the purchase of its stock by a corporation is legal in Ohio. General Code of Ohio, sec. 8623–41.

The distinction between the facts in the *Northern Trust Co., Trustee, supra*, and those here is pointedly drawn by the Seventh Circuit Court of Appeals in its opinion affirming that case in 54 Fed. (2d) 289. The court there said:

> It is quite probable, as petitioners suggest, that the sale of stock to a corporation by one shareholder would be considered as a sale rather than as a liquidating dividend, for the act of one of several stockholders could not well be considered as evidence of an intention of all the stockholders; but in the instant case the Board evidently considered the concerted action of all the directors and stockholders in the disposition of practically all the stock as probative of the intention of the company to liquidate, and we think the Board was right in so considering it.

In short, there is not the slightest evidence that the corporation intended a liquidation of petitioner's stock except a possible inference from the treatment on its books of the two similar transactions in 1936. In no event are these records controlling. *Doyle* v. *Mitchell Brothers Co.*, 247 U. S. 179; *C. M. Menzies, Inc.*, 34 B. T. A. 163.

We conclude that the acquisition of petitioner's 45 shares of its stock by the Smith Incubator Manufacturing Co. was, as it was intended and purported to be, a purchase of that stock by the corporation and not a distribution in partial liquidation.

*Decision will be entered for the petitioner.*